## ARDILL v. HEIRS OF MARTINEZ

(Mar. 28, 1927.  Opinion and Decree.)
(Apr. 21, 1927.  Rehearing Refused.)
(May 23, 1927.  Writs of Certiorari and Review Denied by Supreme Court.)

(*Syllabus by the Court*)

1. **Louisiana Digest—Sales—Par. 271.**

Where the vendor, who was not called in warranty, shows that he possessed deeds or other documents which would have defeated the suit for eviction, if they had been offered in evidence, suit for original purchase price of the lots, taxes thereon and costs of the former suit will be dismissed.

Appeal from Civil District Court, Division "A". Hon. Hugh Cage, Judge.

Action by Miss Margaret Ardill against Heirs of Joseph P. Martinez.

There was judgment for defendants and plaintiff appealed.

Judgment affirmed.

Chas. Louque, of New Orleans, attorney for plaintiff, appellant.

Jas. Wilkinson, of New Orleans, attorney for defendants, appellees.

JONES, J.    Plaintiff brings this suit to recover from the heirs of her vendor the price paid by her, and her expenses for the purchase of four lots of ground from which she was evicted by final judgment rendered by this court, a writ of certiorari being refused by the Supreme Court.

The defendants set up that they were not called upon to defend the suit in eviction, and—

"* * * that they could have gained said suit. That the judgment of the Court of Appeal was largely based on the failure of defendant to offer and file the deed and surveyors of her previous author on which her title was based and which your defendants as warrantors would have produced if called in warranty."

The defendants aver that the prescription of three, ten and twenty years should have been pleaded.

The lower judge, who first gave judgment in favor of plaintiff for the amount claimed, later granted a new trial and then dismissed the suit.

Plaintiff took this appeal.

In the original opinion of this court in the case of Puritan Co. vs. Miss Margaret Ardill, No. 8235 of this docket, Judge Bell in his reasons for judgment, affirming the decision of the lower court in favor of plaintiff, uses the following words:

"The plan of de Armas does not appear in the record before us, and in fact, there are no documents of evidence which in any manner locate the defendant's property as being on the corner of Frenchmen and Virtue Streets, except the certificate of the tax collector, dated October 9, 1899, to the effect that all taxes have been paid up to October, 1899, and except another document, or application, by J. P. Martinez, addressed to the Auditor of Public Accounts, in Baton Rouge, for the purchase of property located on the corner of Frenchmen and Virtue Streets, in Square 1209, sold for unpaid State taxes of 1892.

"The evidence shows that defendant offered various deeds to be produced and filed, but which, in fact, appear not to have been filed in this proceeding.   Of course, their absence precludes us from the opportunity of identifying by original deeds, if such identification were possible, the property alleged to have been bought by Martinez, with that property now located on the corner of Frenchmen and Virtue (or Rocheblave) Streets."

In his opinion denying petition for rehearing Judge Claiborne uses the following language:

"Nothing in defendant's title, or that of her authors, locates her lots at the corner of Frenchmen and Virtue or elsewhere than on Frenchmen Street.

"Neither the application of Martinez to the Auditor to purchase the Sanchez lots, nor the certificates of the tax collector as to the payment of taxes on same can add to defendant's title, or locate the lots actually purchased.   The former cannot make evidence for himself, nor can the latter certify to anything except as to what is upon his books.   It is true that the assessment rolls of 1882 locate the Emma Sanchez lots at the corner of Frenchmen and Virtue and the John Jackson lots somewhere on Frenchmen Street.   But it was not in the power of the assessor to confer or destroy titles by the order in which he chose to assess owners of property.   By buying the property assessed to 'John Jackson' the State acquired the lots which Jackson owned, and not those which Emma Sanchez claimed.

"Although the auditor's deed to defendant was mislaid, a copy of its registration in the Conveyance Office, or other records, might have been produced.   But the defendant did not buy on the assessment roll

of 1882 but upon that of 1883, which, perhaps, were different."

These extracts both show that the decision of this court in both instances was based on the fact that there were no certified copies of deeds or documents in the record by which the lots of Miss Ardill could be definitely located. That defect has now been overcome as defendant in this case has filed, in the record, a certified copy of the tax deed by which Charles Cavanae, tax collector of the Second District, on March 11, 1885, sold to the State of Louisiana for the state taxes of 1882 property described as follows:

"Four lots in Square No. 1209, and measure 128 feet on Frenchmen Street, 120 feet deep, corner Frenchmen and Virtue Streets for $10.91, assessed in the name of Emma Sanchez."

This deed was registered in conveyance office book on May 11, 1885, book 122, folio 603.

A certified copy of extract from conveyance book of this parish shows that the auditor of this state, on October 19, 1899, sold to J. P. Martinez property described as follows:

"Four certain lots of ground and improvements thereon in Third District in Square 1209, bounded by Frenchmen and Virtue, Elysian Fields and Force Streets, said lots measure 128 feet on Frenchmen by 120 feet in depth, said property was adjudicated to the State for taxes in 1883 in name of Emma Sanchez, on March 7, 1885, by Chas. Cavanae, then tax collector."

The tax deed which must control shows that the auditor made a mistake in saying property was sold for taxes of 1883, for the deed recites sale was made for taxes of 1882.

A certified copy of another tax deed, offered in evidence by defendants, shows that the same tax collector, for taxes of the same year, 1882, sold February 28, 1885, to the State of Louisiana property described as:

"Certain lots in Square 1209, Frenchmen, Elysian Fields, Force and Virtue Streets, and measure 128 feet on Frenchmen Street by 126 feet in depth for $11.71, assessed in name of John Jackson."

The deed was registered February 28, 1885, in C.O.B. 122, fo. 568.

The state auditor sold to the Aztec Land Co., on November 10, 1902, the following described property:

"Certain lots of ground and improvements thereon, in the Third District of the City of New Orleans, in Square No. 1209, bounded by Frenchmen, Elysian Fields, Force and Virtue Streets; said lots measuring 128 feet front on Frenchmen Street, by 128 feet in depth, adjudicated to the State for taxes 1882, assessed in name of John Jackson."

Assessment rolls of 1882, offered in evidence by defendants, show four lots were assessed to Emma Sanchez at Frenchmen and Virtue Streets and certain property as follows: "Jno. Jackson, Frenchmen and Force, 128-128 (dimension of all lots) actual value $400."

Thus the number of lots assessed to Emma Sanchez is given and the lots are definitely located, but Jackson is not assessed for any number and his lots are not definitely located in the square.

The State could not convey to the Aztec Land Co., in 1902, the property which it had previously conveyed by valid deed to J. P. Martinez in 1899.

After careful reading of the records in both suits we are convinced that the judgment appealed from is correct for the above reasons.

It is, therefore, affirmed.